IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LINDA KRUGER,

    Plaintiff,

v.                                                           CASE NO. 1:11-cv-264-MP-GRJ

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

## **ORDER**

Plaintiff initiated this case by filing a complaint seeking review of the final decision of the Defendant Commissioner of the Social Security Administration (the "Commissioner") denying her application for Supplemental Security Income benefits. (Doc. 1.) Plaintiff also has filed a motion to proceed *in forma pauperis*, with a supporting affidavit. (Doc. 3.)

Pursuant to 42 U.S.C. § 405(g), venue for an action seeking judicial review of final decision of the Commissioner "[s]hall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia." 42 U.S.C. § 405(g). Thus, proper venue in this case is the district where the Plaintiff resides.

In Plaintiff's sworn affidavit filed in support of Plaintiff's Motion To Proceed *In Forma Pauperis* (Doc. 3), Plaintiff represents that her residence is located in Homossasa, Florida. Homossasa, Florida is within the geographical limits of Citrus

County, Florida and not Levy County, Florida as alleged in the Complaint. Doc. 1, ¶2. Citrus County is within the territorial confines of the Ocala Division of the Middle District of Florida. Accordingly, pursuant to 42 U.S.C. § 405(g), venue has been improperly laid in this district and therefore this case should have been filed in the Middle District of Florida.

Pursuant to 28 U.S.C. § 1406(a) "[T]he district court of a district in which is filed a case laying venue in the wrong ... district shall dismiss, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought." Because the case was filed only recently transfer to the Middle District of Florida, and not dismissal, is in the interest of justice.

Accordingly, upon due consideration, it is **ORDERED** that:

The Clerk is directed to **TRANSFER** this case to the United States District Court for the Middle District of Florida, Ocala Division and close the file.

**DONE AND ORDERED** this 14th day of December 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge